UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS THOMAS MORROW, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MID PENINSULA HOTELS, LLC,<br><br>Defendant. | Case No. 19-cv-03863-TSH<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL WITH CONDITIONS**<br><br>Re: Dkt. No. 21 |

## I. INTRODUCTION

Andrew J. Sommer and Megan S. Shaked from Conn Maciel Carey LLP ("CMC") seek to withdraw as counsel for Defendant Mid Peninsula Hotel LLC. ECF No. 21. No opposition has been filed. The Court finds this matter suitable for disposition without oral argument and **VACATES** the September 17, 2020 hearing. *See* Civ. L.R. 7-1(b). Having considered the record in this case and relevant legal authority, the Court **GRANTS** the motion for the following reasons.

## II. BACKGROUND

This is an action under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. Plaintiff Louis Thomas Morrow is unable to stand or walk without assistance due to muscular dystrophy. Compl. ¶ 2, ECF No. 1. He brought this action with his brother, Plaintiff Sunderland Lyle Morrow, after they visited the Mid Peninsula Hotel and encountered barriers to his access. *Id.* ¶ 11. Under General Order 56, all proceedings were stayed except the requirement that the parties conduct a joint inspection of the facility, meet and confer to discuss all claimed access violations and proposed corrections, and then attend mediation if unable to settle. The parties participated in a joint site inspection on October 16, 2019 and were subsequently referred to

1    mediation after they were unable to settle.  ECF Nos. 12, 13.  At the parties' request due to the

2    current public health emergency, the deadline to complete mediation has since been extended until

3    an in-person mediation can be conducted.  ECF Nos. 16-19.

4          CMC has represented Mid Peninsula Hotel in this action since its inception.  Sommer

5    Decl. ¶ 2, ECF No. 21-1.  Since about August 16, 2019, there has been a contract for legal services

6    between CMC and Mid Peninsula Hotel that requires it to timely pay CMC for services rendered.

7    *Id.* ¶ 3.  Mid Peninsula Hotel has failed to meet its financial obligation to CMC under this contract,

8    which has resulted in a significant financial hardship to CMC, a small law firm.  *Id.*  On July 2,

9    2020, CMC provided Mid Peninsula Hotel written notice requesting payment of the outstanding

10   invoices within 30 days.  *Id.* ¶ 4.  In that communication, CMC notified Mid Peninsula Hotel that

11   it will be forced to withdraw its representation if the outstanding invoices remained unpaid.  *Id.*

12   Despite this, CMC had not received payment from Mid Peninsula Hotel.  *Id.*

13         CMC filed the present motion on August 5, 2020.

### III.   LEGAL STANDARD

15         The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if:

16   (1) written notice has been given reasonably in advance to the client and all other parties in the

17   action; and (2) the attorney obtains leave of Court.  Civ. L.R. 11-5(a).  In this District, the conduct

18   of counsel, including the withdrawal of counsel, is governed by the standards of professional

19   conduct required of members of the State Bar of California.  Civ. L.R. 11-4(a)(1); *see Nehad v.*

20   *Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to

21   attorney withdrawal).  California Rule of Professional Conduct 1.16 provides several enumerated

22   grounds pursuant to which counsel may properly seek to withdraw from a representation.

23         "Courts consider several factors when considering a motion for withdrawal, including: (1)

24   the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to

25   other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4)

26   the extent to which withdrawal will delay resolution of the case."  *Atkins v. Bank of Am., N.A.*,

27   2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citing *Deal v. Countrywide Home Loans*, 2010

28   WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)).  "When addressing a motion to withdraw, the

*United States District Court*
*Northern District of California*

1    consent of the client is not dispositive." *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D.
2    Cal. Aug. 18, 2010) (citing *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *2
3    (E.D. Cal. Oct.14, 2009)). Instead, the decision to permit counsel to withdraw is within the sound
4    discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

5        Before withdrawal is permitted, counsel must comply with California Rule of Professional
6    Conduct 1.16(d), which provides that counsel shall not withdraw from employment until the
7    member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client,
8    including giving sufficient notice to the client to allow time for employment of other counsel,
9    complying with Rule 1.16(e) (regarding the return of all client materials and property), and
10   complying with all other applicable laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL
11   4328809, at *1 (N.D. Cal. Dec. 10, 2007). Further, "[w]hen withdrawal by an attorney from an
12   action is not accompanied by simultaneous appearance of substitute counsel or agreement of the
13   party to appear pro se, leave to withdraw may be subject to the condition that papers may continue
14   to be served on counsel for forwarding purposes . . . unless and until the client appears by other
15   counsel or pro se." Civ. L.R. 11-5(b).

16   **IV.   DISCUSSION**

17       CMC seeks to withdraw pursuant to California Rule of Professional Conduct 1.16(b)(5),
18   which permits withdrawal if "the client breaches a material term of an agreement with, or
19   obligation, to the lawyer relating to the representation, and the lawyer has given the client a
20   reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the
21   agreement or performs the obligation." Failure to pay attorney's fees constitutes good cause for
22   such withdrawal. *See Garcia v. Zavala*, 2019 WL 2088478, at *3 (N.D. Cal. May 13, 2019); *St.
23   Matthews Baptist Church of Livermore, Inc. v. Found. Capital Res., Inc.*, 2015 WL 527669, at *2
24   (N.D. Cal. Feb. 6, 2015) (citations omitted). In addition, the Court finds CMC has complied with
25   the requirements of Civil Local Rule 11-5(a) and the California Rules of Professional Conduct
26   because it provided reasonable advance notice to Mid Peninsula Hotel of its intention to withdraw
27   as counsel of record and provided it time to obtain substitute counsel. Based on this record, the
28   Court finds good cause exists to permit CMC's withdrawal.

However, it is not clear that CMC informed their corporate client that it must retain new counsel in order to continue to prosecute this action insofar as corporations can only appear through licensed counsel. *See* Civ. L.R. 3-9(b); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004). Accordingly, the Court shall grant CMC's motion to withdraw on the condition that it remain counsel of record for forwarding purposes until Mid Peninsula Hotel retains alternate counsel as provided by Civil Local Rule 11-5(b). Mid Peninsula Hotel shall file substitution of counsel by October 9, 2020. Failure to retain substitute counsel could result in the entry of default judgment. *See Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming entry of default judgment where corporate defendant failed to obtain substitute counsel); *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (same).

## V.     CONCLUSION

For the reasons stated above, the Court **GRANTS** CMC's motion to withdraw as counsel. However, because Mid Peninsula Hotel has not consented to the withdrawal and no substitution of counsel has been filed on its behalf, the motion is granted on the condition that all papers from the Court and from Plaintiffs shall continue to be served on CMC for forwarding purposes until a substitution of counsel is filed as provided by Civil Local Rule 11-5(b). For all such documents, CMC shall e-file proof of service upon Mid Peninsula Hotel. No chambers copy is required.

Because corporations may not appear in federal court except by counsel, Mid Peninsula Hotel has until October 9, 2020 to file a substitution of counsel.

**IT IS SO ORDERED.**

Dated: August 26, 2020

THOMAS S. HIXSON
United States Magistrate Judge

4